UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                :

KINGSLEY EWING,                    :

               Petitioner,        :

    -against-                 :

THE PEOPLE OF THE STATE OF NEW YORK,  :

              Respondent.      :

                                :
--------------------------------------------------------------- X

12-CV-2027 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On April 19, 2012, Kingsley Ewing ("petitioner" or "Ewing"), appearing pro se, filed a petition for a writ of habeas corpus challenging his criminal conviction pursuant to 28 U.S.C. § 2254.[1] Ewing claims that he was denied the effective assistance of counsel because his trial attorney, Lawrence Wright ("Wright"), did not appeal Ewing's conviction despite having been instructed by petitioner to do so. Dkt. #1, at 5, 10, 13. For the reasons stated below, the petition is denied as untimely.[2]

## I. BACKGROUND

Following a jury trial in March 2008, Ewing was convicted in the Supreme Court of the State of New York, Kings County, of four counts of Rape in the First Degree in violation of New York Penal Law § 130.35(1). Id. at 1; Dkt. #7, at 2. On April 10, 2008, Ewing was sentenced to four consecutive terms of imprisonment, each lasting twenty years. Dkt. #1, at 1; Dkt. #7, at 2. Ewing did not appeal his conviction. Subsequently, the following events took place:

---

[1] The petition is neither signed nor dated by petitioner. Dkt. #1, at 15.

[2] Ewing also raises a number of other claims. Dkt. #1, at 5, 9. However, the court need not address these claims in light of the petition's untimeliness.

| May 10, 2008 | The thirty-day period for timely filing Ewing's notice of appeal expired. See N.Y. Crim. Proc. L. § 460.10(1)(a). |
|---|---|
| May 10, 2009 | The period of one year within which Ewing could have petitioned the New York Supreme Court, Appellate Division, for permission to file a late notice of appeal expired. See N.Y. Crim. Proc. L. § 460.30(1). |
| Nov. 10, 2009 | Ewing filed a motion in the Appellate Division seeking permission to file a late notice of appeal. Dkt. # 7-1, at 3. |
| Feb. 2, 2010 | The Appellate Division denied Ewing's motion. Id. at 5. |
| June 15, 2010 | Ewing filed a motion to reargue his motion seeking permission to file a late notice of appeal. Id. at 7. |
| Aug. 2, 2010 | The Appellate Division denied Ewing's motion to reargue. Id. at 9. |
| May 2, 2011 | Ewing, through counsel, filed a motion in the Appellate Division for a writ of coram nobis on the ground that he was denied the effective assistance of counsel because Wright failed to appeal Ewing's conviction despite petitioner's instructions to do so. Id. at 11-21. |
| Oct. 6, 2011 | The Appellate Division summarily denied Ewing's motion for a writ of coram nobis. Id. at 61. |
| Oct. 24, 2011 | Ewing sought leave from the New York Court of Appeals to appeal the Appellate Division's denial. Id. at 63-65. |
| Jan, 11, 2012 | The New York Court of Appeals summarily denied Ewing leave to appeal. Id. at 69. |
| Apr. 19, 2012 | Ewing filed the instant habeas petition in this court. Dkt. #1. |

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. §

2241 et seq., sets forth a one year statute of limitations for filing habeas petitions that challenge

state court convictions. See id. § 2244(d)(1). The AEDPA limitations period runs from the

latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." Id. §

2244(d)(2).

Construed liberally, Ewing's petition maintains that the limitations period here should run

from "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence." Id. § 2241(d)(1)(D). At the very latest, that

date is marked by Ewing's discovery that Wright never filed an appeal on his behalf. See Platt v.

Ercole, No. 05-CV-6050 (JS), 2008 WL 5243891, at *3 (E.D.N.Y. Dec. 12, 2008) ("Once a

petitioner is on notice of evidence that may serve as part of the basis of a habeas petition, the one

year statute of limitations period begins."). Ewing could have become aware of Wright's alleged

3

omission no later than November 10, 2009, the day on which petitioner filed a motion seeking permission to file a late notice of appeal. Dkt. # 7-1, at 3. The Appellate Division denied Ewing's motion on February 2, 2010. Thereafter, 132 days elapsed before Ewing filed his motion to reargue on June 15, 2010. After the Appellate Division denied Ewing's motion to reargue on August 2, 2010, another 272 days elapsed before petitioner filed his motion for a writ of coram nobis on May 2, 2011. And, after the New York Court of Appeals denied Ewing leave to appeal from the Appellate Division's denial of his motion for a writ of coram nobis on January 11, 2012, another 98 days elapsed before Ewing filed the instant petition on April 19, 2012. Because at least 502 untolled days elapsed after Ewing purportedly discovered that Wright did not appeal his conviction,[3] the petition is untimely. See 28 U.S.C. § 2244(d)(1); Platt, 2008 WL 5243891, at *3 ("[I]f the Court were to grant the pro se petition extreme leniency and find that, arguably, Petitioner was not aware that his attorney failed to file a notice of appeal and that his time to file a writ of habeas corpus began to run on January 22, 2003, and therefore Petitioner was not aware of the factual predicate of his claim until after he learned that his attorney failed to appeal, Petitioner's application would still be time-barred.").

The petition for a writ of habeas corpus is denied. Because Ewing has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-445 (1962). The Clerk of Court is directed to enter judgment accordingly.

---

[3] These do not include the days that elapsed while Ewing's motion to file a late notice of appeal, or his subsequent motion to reargue the denial of that motion, was pending. However, the Second Circuit has expressed doubt as to whether a motion to extend the time to appeal a conviction tolls the AEDPA statute of limitations. See Bethea v. Birdich, 293 F.3d 577, 579 (2d Cir. 2002); see also Kendrick v. Greiner, 296 F. Supp. 2d 348, 356 (E.D.N.Y. 2003) ("A motion for extension of time to file an appeal does not toll AEDPA's limitations period unless an extension is actually granted.").

4

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated:      November 5, 2012
               Brooklyn, New York